LEWIS v. CITY OF SEMINOLE et al.

No. 33468.   June 22, 1948.

*195 P. 2d 267.*

---

Carver & Cook, of Wewoka, for plaintiff in error.

W. B. Edwards, City Atty., and Wells & Wells, all of Seminole, for defendants in error.

GIBSON, J.   This is an action by a resident taxpayer against the city of Seminole, its executive and administrative officers, to restrain the leasing of the municipal hospital to the Felician Sisters of Coraopolis for a term of 99 years.   Judgment was for defendants, and plaintiff appeals.

We deem it necessary to consider only the contention to the effect the city is without power to lease the hospital until authorized so to do by a majority of the qualified voters thereof, voting at an election held for the purpose as prescribed by Tit. 11 O. S. 1941 §441.

Defendants do not challenge the necessity of such an election to authorize the leasing, but contend that such leasing was authorized as a result of the election held under authority of art. 10, §27 of the Constitution, whereby the city was authorized to use the proceeds of the sale of bonds to purchase a privately owned hospital, improve and equip the same.

The material part of section 27 of art. 10 is as follows:

"Any incorporated city or town in this State may, by a majority of the qualified property tax paying voters of such city or town, voting at an election to be held for that purpose, be allowed to become indebted in a larger amount than that specified in section twenty-six, for the purpose of purchasing or constructing public utilities, or for repairing the same, to be owned exclusively by such city: . . . "

Tit. 11 O. S. 1941 §441 is as follows:

"No public utility owned by any municipal corporation, organized and incorporated under the laws of the State of Oklahoma, where the cash value of

such public utility in a city of the first class, exceeds Ten Thousand ($10,000.-00) Dollars, or in a town or village where the actual cash value thereof is in excess of Five Thousand ($5,000.00) Dollars, shall be sold, conveyed, leased or otherwise disposed of, by the governing body of such municipality, unless such sale, lease, conveyance or other disposal of such utility shall be authorized by the vote of sixty (60%) per cent of the qualified voters of such municipality, voting at an election to be held for such purpose."

(This section is inoperative insofar as it requires more than a majority of the votes. Thomas et al. v. Reid et al., 142 Okla. 38, 285 P. 92).

The question submitted at the special election held under section 27 of art. 10 was as follows:

"Shall the City of Seminole, State of Oklahoma, incur an indebtedness by issuing its negotiable bonds in the sum of One Hundred and Twenty-Five Thousand ($125,000.00) Dollars, to provide funds for the purpose of purchasing a site and hospital buildings thereon, erecting additions to said buildings, and purchasing equipment therefor, to be owned exclusively by said City; and levy and collect an annual tax, in addition to all other taxes, upon all the taxable property in said City sufficient to pay the interest on said bonds as it falls due, and also to constitute a sinking fund for the payment of the principal thereof when due, said bonds to bear interest at not to exceed the rate of four (4%) per centum per annum, payable semi-annually, and to become due serially within twenty-five (25) years from their date."

It is manifest that the matter of leasing is not mentioned in the question. Defendants recognize that such is true but contend that the leasing inhered therein because the matter of such leasing, as the method contemplated to be pursued, was not only reflected in the records of the city council but through the press and public discussion, and as a result the voters were well informed thereof and in casting their ballots voted their convictions thereon. We deem it unnecessary to review the evidence because even though it be conceded that the voters were fully advised as to the contemplated leasing and in fact considered they were voting thereon, same would not under the law confer upon the city the power to enter such lease. The consent of the electorate to operate as a grant of power must be expressed in that manner which the law prescribes as a prerequisite thereto. It is not so here.

The power to purchase the hospital and the power to lease the same, under the quoted provisions of the law, are considered as distinct and several and, for the exercise of either, there is required the approval of the electorate voting in an election thereon. That, at such an election, the purpose to lease must be expressly stated in the question submitted is clear from the provisions of Tit. 11 O. S. 1941 §442, companion statute to said section 441, and which provides the procedure for submission of the question of leasing.

In view of what has been said there can be no basis for the contention that the purpose to lease the hospital inhered in and was authorized by the election had.

There is nothing said in Borin v. City of Erick, 190 Okla. 519, 125 P. 2d 768, relied on by defendants, that is at variance with the views herein expressed. By reason of the diversity of the facts, the statements therein can have no specific application here. Underlying both cases, however, there is a principle of common application. We there held that a purpose had which is not fully submitted is not authorized by the election. Herein, we hold the same to be no less true where, in contemplation of law, such purpose is not stated at all in the question submitted.

Judgment reversed and the cause remanded, with instructions to grant the writ.

HURST, C.J., and WELCH, CORN, ARNOLD, and LUTTRELL, JJ., concur.